# John F. Baum, to Use, etc., v. Solomon L. Custer, with Notice, etc.

Judgment was entered on November 20, 1880; and in 1883 and 1884 the judgment defendant conveyed his land to other parties, and on March 9, 1885, revived the judgment by agreement, no notice of which was given to the purchasers of the land. *Held*, that the court committed no error in discharging a rule for judgment as against the terretenants on scire facias issued October 26, 1886.

(Argued March 1, 1888.  Decided April 30, 1888.)

January Term, 1888, No. 345, E. D., before GORDON, Ch. J.,

PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Berks County to review a judgment in favor of the terretenants on a scire facias to revive a judgment, November Term, 1886, No. 22. Affirmed.

October 26, 1886, a writ of alias scire facias was issued by John F. Baum for use of William M. Baum, against Solomon L. Custer, with notice to Clement L. Custer and Morris V. R. Custer, terretenants.

An affidavit of defense was filed by the terretenants as follows:

Morris V. R. Custer and Clement L. Custer, being duly sworn on oath, say that the judgment of No. 21, November (March) term, 1880, is no lien against property conveyed to the affiants by Solomon L. Custer, but that the lien thereof expired at the end of five years from the entry thereof and was not continued with notice to terretenants as required by law.

At the time of the revival of said judgment, Solomon L. Custer was not the owner of any real estate in the county of Berks; and all land now owned by him was acquired subsequent to the date of said revival.

The affiants purchased the lands of Solomon L. Custer, against which this judgment is sought to be recovered, by the following deeds:

1. Solomon L. Custer to Morris V. R. Custer, dated 28th of March, 1884, tract No. 4, contained therein, containing 8 acres and 60 perches;

2. And deed, Solomon L. Custer to Clement L. Custer and Morris V. R. Custer, dated March 26, 1883, 25 acres and 13 perches.

Said deeds were fully recorded, No. 1 on the 28th day of March, 1884, in Deed Book A, No. 154, at page 33, and No. 2 on the 29th day of March, 1883, vol. 148, page 82, and at the date of such recording the defendants entered into open and notorious possession of their said premises, and have so continued; and the defendants further say that they have fully paid the said Solomon L. Custer the whole of the purchase money, and full value of said lands.

This writ is called an alias sci. fa.; but the original writ in this case was not against the defendants, and as to them it is an original writ.

The interest of the use plaintiff does not appear by any assignment upon the record prior to the death of Dr. William F. (John F.) Baum, whose death is here suggested. The defendants here, showing that they have no such legal notice of the existence of a continued lien, duly continued by revival against terretenants, say they have a full defense to the plaintiff's demand as against them, all of which they expect to prove on a trial of the case.

The court, ERMENTROUT, J., delivered the following opinion:

The material facts set out in the affidavit of defense are as follows, *viz.:* Judgment was obtained against Solomon L. Custer on the 20th of November, 1880. In 1883 and 1884 the defendant parted with his title to the lands, conveying them by deed to Clement L. and Morris V. R. Custer, who at once placed their deeds upon record and took actual, open, visible, and notorious possession of the lands so conveyed. On the 9th of March, 1885, Solomon Custer, when no longer owner, revived the judgment by amicable agreement of revival. On the — day of October, 1886, more than five years after the said November 20, 1880, the plaintiff issued an alias sci. fa. to 22, November term, 1886, the present case, against Solomon Custer, defendant, with notice to Morris V. R. Custer and Clement L. Custer, terretenants, seeking by this proceeding to revive and continue the lien of the judgment against such terretenants.

As a warrant for such proceeding plaintiff refers us to the act of March 26, 1827, 9 Smith's Law, 303, and the cases of Porter v. Hitchcock, 98 Pa. 626, and Hughes v. Torrence, 111 Pa. 618, 4 Atl. 825.

In these cases it was held that where a scire facias to revive a judgment is issued against and served upon the defendant therein only, within five years from the entry of said judgment; and judgment is obtained accordingly upon said scire facias against said defendant, the issuing of an alias sci. fa. within five years from the date of the issuing of the original sci. fa. will avail to revive and continue the lien of the judgment against such terretenant. Had the plaintiff issued a sci. fa. instead of obtaining the amicable revival by agreement, the present proceeding would be effectual. The act of 1827 expressly prescribes two modes of revival,—the first is by agreement of both parties, the defendant and terretenants; the second is by

writ of sci. fa. The plaintiff secured the agreement in writing of the defendant, but not that of the terretenants; and the statutory period of five years having gone by without such agreement or issuing a writ of sci. fa., the lien as to the land of the terretenants ceased beyond all hope of revival. In the cases relied on by the plaintiff a scire facias had issued in accordance with the provisions of the act of 1827.

The present case is expressly ruled by Armstrong's Appeal, 5 Watts & S. 356, wherein Justice Sergeant says that a most material object of the act of 1827 was to regulate revivals by agreement of the parties. It therefore prescribes precise and positive provisions as to them, pointing out the mode in which they shall be authenticated, the parties competent to enter into them and the time for which the lien shall endure. The legislature intended to provide by express enactment for every case that should occur, and to preclude thereafter interpretative and constructive revivals and all other modes that should not conform to the precise directions of the acts. This act enacts, as to revivals by agreement, that they shall be by agreement of the parties and terretenants, filed in writing and entered in the proper docket. The consent of the terretenants in writing, together with that of the party, is made essential in a revival by agreement.

So, also, in McCray v. Clark, 82 Pa. 461, in which it is held that where land on which a judgment is a lien has been aliened by the defendant an amicable revival by the terretenant, to which the original defendant is not a party, will continue the lien of such judgment on the land. But the revival by agreement to which the terretenant is not a party will not continue the lien as to him.

To the same effect are Fickes's Appeal, 71 Pa. 449, and Rudy's Appeal, 94 Pa. 338.

We see no error in the notice to the assignee of the defendant. While he is not entitled to notice upon the authority of *Re* Fulton, 51 Pa. 204, he may be notified, as will be observed in Kirby v. Cash, 93 Pa. 505.

The affidavit of defense filed by the defendant is an insufficient defense, both in substance as well as in the form of its averments.

As to Morris V. R. Custer and Clarence L. Custer, terretenants, the rule for judgment is discharged. As to the other de-

fendants, it is made absolute, the prothonotary to assess and as-certain the amount.

The assignments of error specified the action of the court in discharging the rule for judgment as against the terretenants.

*A. G. Green,* for plaintiff in error.—This case is ruled by Porter v. Hitchcock, 98 Pa. 626, and Hughes v. Torrence, 111 Pa. 618, 4 Atl. 825.

In discharging the rule, the judge below says: "Had the plaintiff issued a sci. fa. instead of obtaining an amicable revival by agreement, the present proceeding would be effectual." This is too narrow a construction of the act of March 26, 1827. It is true the act provides two modes of reviving a judgment,—first, by agreement of the parties and terretenants, and second, by a writ of sci. fa. But this court decided in Sames's Appeal, 26 Pa. 184, that an amicable revival by the terretenants, to which the defendant is not a party, will continue the lien as to the land conveyed to the terretenant.

*G. B. Stevens,* for defendants in error.—The plaintiff seeks by alias sci. fa. to revive the judgment and make it a lien on the lands so conveyed to the defendants.

As to these lands his lien expired on the 10th of March, 1885, and there is no known process by which it can be made to bind our lands again without our assent. The plaintiff in error is confused by the decisions he cites to the court, and has not observed that the act of 1827 is a statute of limitation and is to be construed favorably to the interests to be preserved. He reads the act, which plainly says that where the continuance of the lien is sought by agreement it must be by agreement of the defendant and terretenants; and then, although the deeds had been recorded when possession was taken one and two years before, he revives by agreement of the defendant, with the terretenants left out.

They did it in the same way in Fickes's Appeal, 71 Pa. 447, and in Rudy's Appeal, 94 Pa. 338; but these judgments were held invalid against lands aliened; and in Armstrong's Appeal, 5 Watts & S. 352, Justice Sergeant explains in detail why the terretenant's assent to a revival is essential, and that if the plaintiff therein had really cared to bind the property aliened he

must resort to the adverse writ of scire facias de terris. See Trickett, Liens, § 208.

PER CURIAM:

For reasons given in the opinion of the learned judge of the court below we affirm this case.

The judgment is affirmed.